Fred J. Murder, J.
In this condemnation proceeding to acquire the fee title to real property on the widening of Front Street in the Village of Hempstead, title vested on October 26, 1956. The trial with respect to Damage Parcels No. 77, No. 80 and No. 81 and for a working easement on Damage Parcel No. 81 was held before me on December 4, 1959 on which date I also viewed the property.
On the evidence before me I conclude that the fair value of the land taken in Damage Parcel No. 77 is the sum of $2,000 and I award that sum.
As to Damage Parcels No. 80 and No. 81, I consider them together because of their common ownership and the fact that although purchased separately, they form a single plot.
*687 The proof offered on the part of the county as to the value of the diner building has no evidentiary value. True enough the building was an old one, but it was in actual use at the time of the taking. The testimony of the builder based on a telephone quotation he received from one who specializes in the construction of diners was hearsay at best. It was an improper basis for his computation of the depreciation. The county’s real estate expert, in his appraisal, used the net value figure so determined. Therefore the only proper evidence of value is that given by the claimant’s expert and that will be adopted by me.
On the land I find that the value of that taken was approximately $5 per square foot or $10,000. The consequential damage for severance was $5,000, and the value of the building taken was $8,400, to which is added the cost of the relocation of the fence, $590, making the total amount awarded the sum of $23,990.
As to the working easement, since released, I find the nominal damage of $1 sustained.
The County Attorney is directed to prepare and submit the tentative decree accordingly.